**Poliquin & DeGrave LLP**
Douglas M. DeGrave, SBN 100555
James S. Morse, SBN 126212
22972 Mill Creek Drive
Laguna Hills, CA 92653
Tel: (949) 716-8230
Fax: (949) 716-4750

Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CYNTHIA RUHL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 to 100, Inclusive,<br><br>　　　　Defendants. | Case No. 2:22-CV-5089<br><br>[Los Angeles Superior Court Case No.: 21STCV46795]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332 AND 1441(B)** |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

**PLEASE TAKE NOTICE** that defendant, COSTCO WHOLESALE CORPORATION (COSTCO) hereby removes the state court action described below to the above-captioned court on the following grounds:

1.　On or about December 23, 2021, plaintiff, CYNTHIA RUHL, ("plaintiff") filed Case No. 21STCV46795 against Costco in the Superior Court of California, County of Los Angeles, entitled *Cynthia Ruhl v. Costco Wholesale Corporation*. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. The complaint did not provide any basis on which to ascertain whether the value of the amount in controversy exceeded $75,000.

3. On May 31, 2022, plaintiff prepared a Statement of Damages pursuant to California Code of Civil Procedure § 425.11, identifying medical expenses in the amount of $16,915.88 to date, but continuing, as well as loss of earnings in an unknown amount, and general damages in the amount of $250,000. A true and correct copy of the Statement of Damages is attached hereto as Exhibit 2.

4. On June 30, 2022, plaintiff caused the Complaint and the Statement of Damages to be served upon Costco.

5. As set forth below, this is a civil action between parties domiciled in different states, over which this court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed to this Court by defendant, Costco, pursuant to the provisions of 18 U.S.C. § 1441(b).

6. Plaintiff is, and at all relevant times was, a citizen of California, domiciled and residing in California.

7. Defendant, Costco, is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Washington, with its principal place of business in Issaquah, Washington. Defendant is not, and was not at any relevant time, a citizen or resident of California.

8. Counsel discussed the removal of this case to federal court. It was believed that the case would remain in state court with an amount in controversy less than $75,000, notwithstanding the statement of Damages.

9. Plaintiff then made a settlement demand in the amount of $75,000. That demand could not be evaluated prior to the allowable time that filing a responsive pleading in the state court would lapse. An answer was therefore filed in the Superior Court for the County of Los Angeles on July 20, 2022. A true and correct copy is attached hereto as Exhibit 3.

10. Plaintiff's attorney was unable to stipulate that the damages were less than that set forth in the statement of Damages and made it clear that should the case not settle for $75,000, the

-2-

Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441 (b)

1  demand would likely increase, as plaintiff continues to treat for injuries allegedly sustained in the accident.

11. Based on the nature and extent of the alleged injuries, the treatment and recovery involved, and plaintiff's claim for wage loss and loss of future earning capacity, in addition to the continuing medical specials and general damages, the amount in controversy exceeds the $75,000 jurisdictional minimum of the Court.

12. The time in which defendant is required to file a Notice of Removal has not yet expired, as set forth in 28 U.S.C. 1446(b)(3).

13. Removal to this Court is proper, as the Superior Court of the State of California, County of Los Angeles, where this action was commenced, is located within the Central District of California.

14. Defendant will give written Notice of the filing of this Notice as required by 28 U.S.C. § 1446(d), and will file a copy of this notice with the Clerk of the Los Angeles Superior Court, as required by 18 U.S. C. § 1446(d).

WHEREFORE, defendant, Costco, respectfully requests that the above-captioned matter be removed to this court.

DATED: July 22, 2022

**Poliquin & DeGrave LLP**

By: _____
DOUGLAS M. DeGRAVE
JAMES S. MORSE
Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441 (b)

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 22972 Mill Creek Drive, Laguna Hills, California 92653.

On July 22, 2022, I served the foregoing document(s) described as

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332 AND 1441(B)**

on the interested parties in this action by placing: [ ] the originals; [X] true copies; thereof enclosed in sealed envelopes addressed as follows:

Alexandra M. Irons, Esq.
LAW OFFICES OF BAKER & ORING, LLP
13915 Panay Way, Suite One
Marina del Rey, CA 90292
Office: (310) 822-3377
Fax: (310) 821-7027
E-Mail: alexandra@marinadelreylawyers.com
**ATTORNEY FOR PLAINTIFF**
**CYNTHIA RUHL**

[ ] (BY MAIL): I caused such envelope to be deposited in the mail at Laguna Hills, California. The envelope was mailed with postage thereof fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Laguna Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on July 22, 2022 at Laguna Hills, California.

[ ] (STATE): I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL): I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
NORMA A. STEWART